UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RUFUS McKNIGHT, ET AL.                              CIVIL ACTION

v.                                                  NO. 11-1686

STATE FARM FIRE & CAS. CO.                          SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's Rule 12(c) motion for judgment on the pleadings on the basis of prescription. For the reasons that follow, the motion is GRANTED.

## Background

This is a Hurricane Katrina insurance coverage dispute. Plaintiffs' counsel filed several "mass joinder insurance cases", in which numerous policyholders sued multiple insurance companies for breach of contract and bad faith arising from Hurricane Katrina damage; some of the cases filed were consolidated in Civil Action No. 05-4182, In Re Canal Breaches Consolidated Litigation, pending in Section K of this Court, so that issues of flood exclusion could be resolved and mass settlement efforts could be undertaken.[1]

---

[1] On the one year anniversary of Hurricane Katrina, on August 26, 2006, plaintiffs' counsel filed a mass joinder action, Abadie v. Aegis, Civil Action No. 06-5164 (Abadie I), which was consolidated with and the complaint was superseded by The Insurance Master Consol. Class Action Complaint, which was filed on March 15, 2007 in In re: Katrina Canal Breaches Consol. Litig., No. 05-4182. On March 27, 2007, Judge Duval ordered Abadie I administratively closed to allow the parties an opportunity to settle the claims.

1

One of plaintiffs' counsel's improper mass joinder cases was filed on September 13, 2010, and styled as <u>Lawrence and Frankie Adams, et al. v. State Farm Fire & Cas. Co.</u>, Case No. 10-3040; this matter was assigned to Judge Duval under the <u>In re Canal Breaches Consol. Litigation</u>, No. 05-4182. Judge Duval stayed the case pending the outcome of the Louisiana Supreme Court decision in

---

State Farm was the only defendant to object to the administrative closure, and Judge Duval ordered only State Farm's cases to be severed at that time. On April 16, 2007 Judge Duval granted the <u>Abadie I</u> plaintiffs' motion to dismiss their class allegations against State Farm, finding them superseded by the <u>Master Class</u> complaint.

On October 25, 2007, Judge Duval administratively closed the mass joinder case, <u>Abadie v. Aegis</u>, Civil Action No. 07-5112 (<u>Abadie II</u>), which was the second mass joinder filed by plaintiffs' counsel, so that legal issues concerning the wind versus water exclusion could be resolved on appeal.

Shortly after the Louisiana Supreme Court decided <u>Sher v. Lafayette Ins. Co.</u>, 988 So.2d 186 (La. 2008), on January 12, 2009, Magistrate Judge Wilkinson issued an order severing many of the misjoined cases from Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 "K"(2).

On June 16, 2009 Judge Duval issued an order striking the class allegations in the <u>Master Class</u> complaint because the plaintiffs could not establish Rule 23(b)(3)'s predominance requirement. Judge Duval determined that there was no requirement to notify putative class members of the denial of class certification, and further noted:

> [T]his ruling has no impact on the Insurance
> Plaintiffs Liaison Committee's ability to
> provide some public notice to putative
> plaintiffs that their claims may prescribe.
> This Court simply finds that it has no power
> to order the Defendants to provide such notice.

<u>See</u> Judge Duval's Order and Reasons pertaining to the Master Consolidated Class Action, dated June 16, 2009. It is worth noting that counsel for the McKnight and McGee plaintiffs here is the plaintiff's liaison counsel in <u>In Re Katrina Canal Breaches Litigation</u> and is counsel of record in both <u>Abadie I</u> and the <u>Master Class</u>.

Taranto v. Louisiana Citizens Prop. Ins. Corp., 62 So.3d 721 (La. 2011).  On March 15, 2011 the Louisiana Supreme Court issued its decision in Taranto.  The question presented was whether the filing of a putative class action against Taranto's homeowners insurer, Louisiana Citizens, regarding the adjustment of Hurricane Katrina claims, suspended the prescriptive period for all members of the putative class such that an individual Katrina suit filed by a putative class member after the prescriptive period had expired was nonetheless timely.  Id.  A plurality of the state supreme court ruled that, under the circumstances, the prescriptive period had been suspended for putative class members.  Id.

After the Taranto decision, State Farm moved to re-open the Adams mass joinder, and requested that it be severed.  On June 8, 2011 Judge Duval granted State Farm's motion, and ordered plaintiffs' counsel to file individual amended complaints for each property no later than July 19, 2011.  On July 15, 2011 Rufus McKnight and Gladys McGee filed their supplemental and amending complaint, which was assigned to this Court.  The McKnight and McGee plaintiffs assert that their property at 1723 Dante Street was insured by an All Risk homeowner's policy and was "substantially damaged" as a result of Hurricane Katrina. Essentially cutting and pasting the allegations of the mass joinder complaint, they assert that State Farm breached their insurance contract and arbitrarily and capriciously violated its duties of

3

good faith and fair dealing, entitling them to damages, including statutory penalties.

Again parroting the mass joinder complaint, the McKnight and McGee plaintiffs suggest that State Farm was named as a defendant in four putative class actions:

(1)　　Connie Abadie, et al. V. Aegis Security Ins. Co., et al., No. 06-5164, which was filed on August 29, 2006;
(2)　　Susan Abadie, et al. V. Aegis Security Ins. Co., et al., No. 07-5112, which was filed on August 28, 2007;[2]
(3)　　The Insurance Master Consol. Class Action Complaint, which was filed on March 15, 2007 in In re: Katrina Canal Breaches Consol. Litig., No. 05-4182; and
(4)　　Louisiana State, et al. v. AAA Ins. Co., et al., No. 07-5528, which was filed on September 11, 2007.

Because State Farm was named as a defendant in these putative class actions, the plaintiffs assert:

> prescription has been interrupted as to the defendant State Farm, and no notice having been published pursuant to La.C.C.P. art. 596 regarding rulings on the issue of class certification, prescription is suspended and has not begun to run again. Additionally, the Louisiana Supreme Court held that filing of a lawsuit designated as a class action pursuant to La.C.C.P. art. 591, suspends prescription for all members of the putative class until the district court has ruled on a motion to certify the class. Taranto v. Louisiana Citizens Prop. Ins. Corp., --- So.3d ---, 2011 WL 880323 (March 15, 2011).

State Farm now seeks judgment on the pleadings in its favor on the ground that the plaintiff's claims are prescribed and,

---

[2]The Louisiana state legislature extended the prescriptive period to September 1, 2007 for claims on property insurance policies arising out of Hurricane Katrina. La.R.S. 22:658.3(A).

4

therefore, barred.

I.
*A.*

The standard for deciding a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is the same as the one for deciding a motion under Rule 12(b)(6). Gentilello v. Rege, 627 F.3d 540, 543-44 (5th Cir. 2010). "A motion brought pursuant to [Rule 12(c)] is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)(citation omitted).

In considering a Rule 12(b)(6), or a Rule 12(c), motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982). Indeed, the Court must first identify pleadings that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). A corollary: legal conclusions "must be

supported by factual allegations." Id. at 1950. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id.

To survive a Rule 12 motion to dismiss or for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 129 S.Ct. at 1949 (2009))(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks, citations, and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief." Id. (citing Twombly, 550 U.S. at 557) (internal quotations omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings" -- that is, any documents attached to or incorporated in the plaintiffs' complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public records and other matters subject to judicial notice without converting the motion into one for summary judgment. See United States ex rel. Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 379 (5th Cir. 2003).

*B.*

1. Prescription

A federal court sitting in diversity applies the forum state's prescription period as substantive law. Holt v. State Farm Fire & Cas. Co., 627 F.3d 188, 191 (5th Cir. 2010). Because the burden of proving that a suit has prescribed is an affirmative defense, the burden of proving prescription rests with the moving party. Taranto v. Louisiana Citizens Prop. Ins. Corp., 62 So.3d 721, 726 (La. 2011)(citing Bailey v. Khoury, 891 So.2d 1268, 1275 (La. 2005)). However, if a petition is prescribed on its face, then the burden shifts to the plaintiff to negate the presumption

by establishing that prescription has been suspended or interrupted. Id.

"According to [the] civilian tradition, prescription is defined as a means of acquiring real rights or of losing certain rights as a result of the passage of time." Id. (citation omitted). "[T]he fundamental purpose of the prescription statutes", the Louisiana Supreme Court has observed, "is 'to afford a defendant economic and psychological security if no claim is made timely and to protect the defendant from stale claims and from the loss or non-preservation of relevant proof.'" Id. (quoting Cichirillo v. Avondale Indus., Inc., 917 So.2d 424 (La. 2005)). Of the three types of prescription, "liberative prescription" is "a mode of barring actions as a result of inaction of a period of time." La.C.C. art. 3447. If prescription is suspended, "the period of suspension is not counted toward accrual of prescription"; "[p]rescription commences to run again upon the termination of the period of suspension." La.C.C. art. 3472.

2. Article 596 Class Action Tolling

Article 596 of the Louisiana Code of Civil Procedure is "a special provision that prevents prescription from accruing against the claims of members of a putative class action until the propriety of the class action or the member's participation in the action is determined." Taranto v. Louisiana Citizens Property Ins. Corp., 62 So.3d 721, 729 (La. 2011)(citations omitted). As the

Louisiana Supreme Court observed in Taranto, Article 596 was Louisiana's codification of the class action tolling doctrine recognized by the U.S. Supreme Court in American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974).[3]  Id. at 729.  Article 596 provides that:

> Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
> (1) As to any person electing to be excluded from the class, thirty days from the submission of that person's election form;
> (2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined to exclude him; or
> (3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.

La.C.C.P. art. 596.[4]

---

[3] The United States Supreme Court held that the filing of a class action suit "suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." American Pipe, 414 U.S. at 554.

[4] Article 596 was amended in 2010 to provide that prescription continues to be tolled during the pendency of an appeal of an order striking class allegations.  However, because

II.

State Farm contends that it is entitled to judgment on the pleadings, given that the plaintiffs have not stated plausible claims for relief because their claims are prescribed. The Court agrees.

A.

The prescriptive deadline for Hurricane Katrina insurance claims, as well-established and extended by the Louisiana Legislature, was September 1, 2007. Although the plaintiffs did not file their individual claim until July 15, 2011, the plaintiffs' claim was originally filed as part of a mass joinder that was filed on September 13, 2010. Thus, there can be no dispute that the plaintiffs did not sue State Farm within the September 1, 2007 extended prescription deadline. Because the plaintiffs' claims are facially prescribed, the plaintiffs bear the burden of proving suspension of prescription. The plaintiffs fall well short of satisfying their burden to establish that their claims were suspended.

B.

In an attempt to discharge their burden of proving suspension, the plaintiffs invoke the class action tolling doctrine, codified in La.C.C.P. article 596 and recently applied by

---

the putative class actions invoked by plaintiffs here were filed in 2007 and the order striking the class allegations was issued in 2009, the 2010 amendment does not apply.

the state high court in Taranto,[5] suggesting that its application saves their facially prescribed claims against State Farm.

The plaintiffs seem to suggest that they have carried their burden by summarily concluding in their amended complaint that State Farm was a named defendant in four putative class actions. The Court disagrees; the plaintiffs fall well short of discharging their burden to establish suspension. In fact, this Court has previously rejected an identical attempt by the same plaintiffs' counsel to summarily invoke the class action tolling doctrine. See Cascio v. State Farm Fire and Cas. Co., No. 11-1699, 2011 WL 5439331 (E.D. La. Nov. 9, 2011).

In Cascio this Court was confronted with the same amended complaint allegations, in which the plaintiff identified the same four class actions in an attempt to establish tolling pursuant to La.C.C.P. art. 596. This Court determined that Cascio failed to show that he was a putative member of a putative class action filed against State Farm. Id. at *1. The allegations of the McKnight and McGee plaintiffs -- invoking the same four class actions asserting the same conclusory allegations relating to suspension --

---

[5]In Taranto v. Louisiana Citizens Property Ins. Corp., the Louisiana Supreme Court applied La.C.C.P. article 596 and held that the Taranto plaintiffs' Katrina lawsuits were timely filed, reasoning that prescription was suspended upon the timely filing of certain pending class action suits, which included the Taranto plaintiffs as putative class members. 62 So.3d 721, 724 (La. 2011).

fare no better: nowhere in the plaintiffs' complaint do they state that they are or were a putative member of the class actions they list; nor do they identify which claims were presented in those putative class actions; nor do they suggest how their claims asserted now have identity with the claims presented in the list of class actions.  Significantly, and equally glaring realities that undermine the plaintiffs' ability to carry their burden: as State Farm points out, two class actions invoked by the plaintiffs (Abadie I and the Master Class) involve attempts to recover for flood damage, whereas the McKnight and McGee plaintiffs here seek to recover for wind damage under their homeowners policy; the plaintiffs do not even suggest eligibility for Road Home benefits such that their claims would align with the Louisiana Road Home complaint.  And as for a fourth putative class action, Abadie II, even the plaintiffs concede that State Farm was not named as a defendant.

     The plaintiffs have not met their burden of establishing that the prescriptive clock on their Katrina claims was tolled by any of the four listed class actions.[6]  Accordingly, the

---

[6]State Farm argues, in the alternative, that -- even if the plaintiffs had somehow met their burden of establishing the identity of their claims with the invoked putative class actions -- the suspended prescriptive period began to run anew after the class allegations in those suits were dismissed (on June 16, 2009 or 30 days later if article 596 notice applies), and that prescriptive period expired well before the plaintiffs filed this lawsuit.  That is: when the tolling putative class complaint was filed on March 15, 2007, there were 170 days remaining in the prescriptive period

defendant's Rule 12(c) motion for judgment on the pleadings is GRANTED. The plaintiffs' claims are dismissed with prejudice.[7]

New Orleans, Louisiana, January 25, 2012

```
_____
         MARTIN L. C. FELDMAN
      UNITED STATES DISTRICT JUDGE
```

---

(March 15, 2007 to August 30, 2007); the prescriptive clock began to run anew on June 16, 2009 when Judge Duval issued the order striking the Master Class allegations (or 30 days later, on July 16, 2009 (assuming article 596 notice applies)). Because the plaintiffs did not file this lawsuit until more than one year later in September 2010, the argument concludes, their claims are prescribed. The Court need not reach this alternative, albeit compelling, argument.

[7]Scattered throughout their opposition papers, the plaintiffs suggest that, if the Court is going to grant State Farm's motion, then the plaintiffs should be permitted to amend their complaint to attempt to state a non-prescribed claim. However, no motion for leave to file an amended complaint has been filed, no arguments in support of granting any such hypothetical motion to amend have been advanced, and the Court has not been presented with any proposed amended complaint. State Farm suggests that any attempt by the plaintiffs to amend their complaint to rely on a different putative class action for tolling purposes is too late, given that it is 6 years after Katrina, 4 years after the prescriptive period expired, and 1 year after the plaintiffs filed suit. To allow the plaintiffs to try again, State Farm insists, is not consistent with the purpose of article 596 nor with Federal Rule of Civil Procedure 11. The Court need not resolve this hypothetical dispute because no properly supported motion suggesting any entitlement to amend was ever filed.
    The Court admonishes counsel of the professional obligations mandated under 28 U.S.C. § 1927.

13