UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RUFUS MCGEE, ET AL.                                CIVIL ACTION

v.                                                 NO. 11-1686

STATE FARM FIRE & CAS. CO.                         SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiffs' motion to amend judgment, or in the alternative, relief from judgment or order. For the reasons that follow, the motion is DENIED.

## Background

The facts of this Hurricane Katrina homeowners insurance coverage dispute are more completely set forth in this Court's January 25, 2012 Order and Reasons, in which the Court granted State Farm's motion for judgment on the pleadings on the basis of prescription.

The plaintiffs assert that their property at 1723 Dante Street was insured by an All Risk homeowner's policy and was "substantially damaged" as a result of Hurricane Katrina. Plaintiffs' counsel filed several "mass joinder insurance cases", in which numerous policyholders sued multiple insurance companies for breach of contract and bad faith arising from Hurricane Katrina damage; some of the cases filed were consolidated in Civil Action No. 05-4182, In Re Canal Breaches Consolidated Litigation, pending

1

in Section K of this Court, so that issues of flood exclusion could be resolved and mass settlement efforts could be undertaken.  After the Louisiana Supreme Court's decision in Taranto v. Louisiana Citizens Prop. Ins. Corp., 62 So.3d 721 (La. 2011), the mass joinder action was severed and the plaintiffs filed a supplemental and amending complaint on July 15, 2011.  On January 25, 2012 this Court granted State Farm's motion for judgment on the pleadings on the basis of prescription; the Court rejected the plaintiffs' argument that the prescriptive period for their Katrina insurance claims had been suspended, finding that the plaintiffs had failed to plead sufficient facts to show that they were putative class members of the various class action lawsuits listed in their complaint.[1]  The next day, the Court entered judgment in favor of State Farm and dismissed the plaintiffs' lawsuit.  The plaintiffs new request relief from this Court's January 26, 2012 judgment.

I.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed

---

[1] The plaintiffs suggested that State Farm was named as a defendant in four putative class actions:
(1)   Connie Abadie, et al. V. Aegis Security Ins. Co., et al., No. 06-5164, which was filed on August 29, 2006;
(2)   Susan Abadie, et al. V. Aegis Security Ins. Co., et al., No. 07-5112, which was filed on August 28, 2007;
(3)   The Insurance Master Consol. Class Action Complaint, which was filed on March 15, 2007 in In re: Katrina Canal Breaches Consol. Litig., No. 05-4182; and
(4)   Louisiana State, et al. v. AAA Ins. Co., et al., No. 07-5528, which was filed on September 11, 2007.

no later than 28 days after the entry of the judgment. Fed.R.Civ.P. 59(e).  Rule 60(b), on the other hand, applies to motions filed after the 28-day period, but demands more "exacting substantive requirements." See Lavespere v. Niagara Machine & Tool Works, 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994)(en banc).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"  Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).  Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d

1154, 1159 (5th Cir. 1990)).  The grant of such a motion is an "extraordinary remedy that should be used sparingly."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 Fed.Appx. 137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479).  The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts."  Templet, 367 F.3d at 479.

Because the Court entered the challenged judgment on January 26, 2012, and the plaintiffs filed their motion to amend 27 days later on February 22, 2012, the motion to amend is timely under Rule 59(e).

II.

The plaintiffs urge the Court to amend the January 26 Judgment because, they continue to assert, prescription was suspended by the filing of "any number of class actions."  State Farm counters that reconsideration is not warranted, contending that the plaintiffs have failed to meet their burden of proof because they have not shown that they are both a member of a class and that their claims are the same as the class claims.  The Court agrees.

The plaintiffs fail to show that the Court's prior

4

judgment should be amended, or that they are entitled to relief from that judgment. The plaintiffs simply reiterate the same arguments already raised in their opposition to State Farm's motion for judgment on the pleadings, arguments this Court has considered and rejected. Moreover, the plaintiffs do not persuade the Court that it has erred in its review of the facts, and they likewise fail to persuade the Court that it misapplied the law to those facts.

The plaintiffs' motion to amend judgment, or in the alternative, relief from judgment is DENIED.[2]

New Orleans, Louisiana, March 26, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The plaintiffs also request that the Court stay this matter pending related state court litigation, but that request seems to hinge on whether this Court grants the present motion (which it does not). Because the Court has already ruled on State Farm's motion for judgment on the pleadings and determines now that reconsideration is unwarranted, the Court does not reach the plaintiffs' request for a stay. State Farm points out that, as of the date its opposition papers were filed, the Louisiana Supreme Court had not even decided if the writ applications will be accepted in the two state appellate court cases invoked by the plaintiffs as grounds for a stay, such that resolution of the "opt out" issue by the state high court remains purely hypothetical.